# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana


SEALED

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE CELLULAR DEVICE ASSIGNED CALL NUMBER 504-408-5946, THAT IS STORED AT PREMISES CONTROLLED BY T-MOBILE, 4 SYLVAN WAY, PARSIPPANY, NEW JERSEY, 07054

Case No. 21-MC-1706

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Attachment "A"

located in the _____ District of New Jersey, there is now concealed *(identify the person or describe the property to be seized)*:

Attachment "B"

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1951(a) | Hobbes Act Robbery |
| 18 U.S.C. § 924 (c)(1)(A)(ii) | Possession of a Firearm in Commission of a Crime of Violence |
| 18 U.S.C. § 922(g) | Felon in Possession of a Firearm |

The application is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ Chad D. Cockerham
*Applicant's signature*

Special Agent Chad D. Cockerham., F.B.I.
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 9/22/21

*Judge's signature*

City and state: New Orleans, La

Hon. Dana M. Douglas, United States Magistrate Judge
*Printed name and title*

# ATTACHMENT A

### Property to Be Searched

This warrant applies to records and information associated with the cellular telephone assigned call number **(504) 408-5946** ("the Account"), that are stored at premises controlled by **T-MOBILE** ("the Provider"), headquartered at **4 Sylvan Way, Parsippany, New Jersey, 07054.**

## ATTACHMENT B

### Particular Things to be Seized

I. **Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time periods:

**November 29, 2020 – March 10, 2021**:

a. The following information about the customers or subscribers of the Account:

   i. Names (including subscriber names, user names, and screen names);

   ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

   iii. Local and long distance telephone connection records;

   iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

   v. Length of service (including start date) and types of service utilized;

   vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

   vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

   viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

      b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

          i. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

          ii. information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received.

## II. Information to be Seized by the Government

All information described above in Section I that constitutes evidence of violations of Title 18, United States Code § 1951(a), Hobbs Act Robbery (interference with commerce by robbery) and Title 18, United States Code, § 924(c)(1)(A)(ii) (possession of a firearm in the commission of a crime of violence) involving **LEGENDRE** during the period:

**November 29, 2020 – March 10, 2021**

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE CELLULAR DEVICE ASSIGNED CALL NUMBER 504-408-5946, THAT IS STORED AT PREMISES CONTROLLED BY T-MOBILE, 4 SYLVAN WAY, PARSIPPANY, NEW JERSEY, 07054 | * * * * * | CASE NO. 21-MC-1706<br><br>**FILED UNDER SEAL** |

\* \* \*

**AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT**

I, Chad Cockerham, being duly sworn, depose and state as follows:

1. I am a Task Force Officer (TFO) with the New Orleans Police Department (NOPD), assigned to the Federal Bureau of Investigation (FBI), United States Department of Justice. I have been employed by the NOPD for approximately twelve years, where I have been assigned to the FBI New Orleans Violent Crime Task Force (NOVCTF) since November of 2018. This task force includes federal and state officers tasked with the responsibility of investigating fugitive matters, bank robberies, extortions, narcotic violations, firearm violations, and crimes of violence in the New Orleans metropolitan area. I have participated in investigations involving narcotics, firearm violations, and violent crimes, and am thoroughly familiar with the investigative techniques used in these investigations.

2. I make this affidavit in support of an application for a search warrant for information associated with a certain cellular telephone assigned call number (504) 408-5946, ("the SUBJECT PHONE"), that is stored at premises controlled by **T-MOBILE**, a wireless telephone service provider headquartered at **4 Sylvan Way, Parsippany, New Jersey, 07054**. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A)

to require **T-MOBILE** to disclose to the government copies of the information further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

3. Since this affidavit is being submitted for this limited purpose, I have not included each and every fact known to me concerning this investigation. I have set forth facts that I believe are essential to establish the necessary foundation for obtaining a search warrant. I make this affidavit based upon my personal knowledge derived from my participation in this investigation and upon information relayed to me from other members of the NOVCTF and the NOPD.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, § 1951(a), Hobbs Act Robbery (interference with commerce by robbery) and Title 18, United States Code, § 924(c)(1)(A)(ii) (possession of a firearm in the commission of a crime of violence) have been committed by **Marvin LEGENDRE (LEGENDRE).** There is also probable cause to search the information described in Attachment A for evidence of these crimes as further described in Attachment B.

## PROBABLE CAUSE

5. Beginning in February of 2021, the NOPD requested the assistance of the FBI NOVCTF with several related armed robbery investigations throughout the metropolitan New Orleans area. Specifically, these armed robbery investigations involved the robberies of Boost Mobile and Cricket Wireless stores.

6. These robberies took place on the following dates, at the following locations:

   a. 11/30/2020 – Boost Mobile – 7420 W. Judge Perez Drive, Arabi, LA

   b. 12/30/2020 – Boost Mobile – 5931 Bullard Avenue, New Orleans, LA

   c. 02/24/2021 – Boost Mobile – 7058 Read Boulevard, New Orleans, LA

    d. 02/24/2021 – Boost Mobile – 5931 Bullard Avenue, New Orleans, LA

    e. 03/07/2021 – Cricket Wireless – 2625 Paris Road, Chalmette, LA

    f. 03/10/2021 – Boost Mobile – 1452 North Broad Street, New Orleans, LA

  7. Through their investigation, the FBI learned that these armed robberies, which occurred in Orleans Parish and St. Bernard Parish, had very similar characteristics in how the robbery was accomplished. Investigators learned through video surveillance footage and witness statements that the perpetrator would enter the business, place an item in the door to prevent the door from closing[1], immediately approach the counter with a firearm, and rob the store of currency. Additionally, the videos showed the robber's attire, shoes, and overall physical appearance[2], and he appeared to be the same perpetrator in each video.

  8. On March 10, 2021, the FBI learned of an armed robbery with a firearm which occurred at a Cricket Wireless cellular phone store located at 2625 Paris Road Chalmette, Louisiana. The armed robbery occurred on March 7, 2021, at approximately 11:36 AM. Through their on-scene investigation, detectives with St. Bernard Sheriff's Office (SBSO) learned that an unknown black male subject entered the business and placed an unknown object in the door after he entered the store. The unknown subject produced a firearm from his person, approached the clerk, and demanded money from the register. The clerk complied with the demands of the perpetrator. The perpetrator took the money and fled the location.

  9. Investigators were able to retrieve surveillance from the interior of the store which depicted the armed robbery incident. Investigators reviewed the surveillance footage and observed the armed suspect dressed in a grey hooded sweatshirt with words "American Eagle" in white

---

[1] The placement of the object allowed the door to remain open. The doors require an individual to be "buzzed-out" by an employee to exit the store if the door is secured closed.
[2] While the surveillance videos show the perpetrator's face, he is wearing a COVID mask over the lower portion of his face in each of the videos.

lettering on the front of the sweatshirt, blue jeans, 1 black shoe on the left foot, and 1 black and white shoe on the right foot. Investigators also observed the suspect to have a white string or ribbon hanging from his front waist band. The perpetrator approached the counter of the business armed with a firearm, pointed the firearm at the employee of the business, took the currency, and fled the location.

10. At the time of the initial investigation SBSO was not able to confirm a vehicle involved in this incident, however, they were able to obtain surveillance footage from a home located behind the Cricket Wireless. Surveillance footage showed the traffic passing outside the Cricket Wireless before, during, and after the robbery. Investigators observed a black Monte Carlo slowly pass the location several times before the armed robbery and believed this to be suspicious.

11. Following the robbery on March 7, 2021, the FBI learned of an armed robbery of a Boost Mobile cellular phone store located at 1452 North Broad Street, New Orleans, Louisiana. This robbery occurred on March 10, 2021, at approximately 2:08 PM. Through their initial investigation, detectives with NOPD learned that an unknown male subject entered the business, placed an unknown object in the door, and approached the clerk armed with a firearm. The perpetrator folded his arms with the gun under his left arm and demanded the currency from the cash register. The clerk complied with the perpetrator's demands. The perpetrator took the currency and fled the location.

12. Surveillance footage was obtained from the interior and exterior of the store. Exterior surveillance footage shows the perpetrator exit his vehicle, a black Chevrolet Monte Carlo, and enter the store. Investigators also observed the interior surveillance which showed the perpetrator dressed in blue button-down shirt with a discoloration on the left side of the front of the shirt, khaki pants/jeans, a surgical mask, and a baseball cap. The perpetrator was also wearing

two different shoes, like the perpetrator in the March 7 robbery. The perpetrator approached the counter of the business armed with a firearm, took the currency, and fled the location.

13. Additionally, responding detectives learned through their investigation that an employee from the business followed the perpetrator on foot as he fled the store. The employee observed the perpetrator enter a black Monte Carlo with a silver hood and a red outline around the Chevrolet emblem. The clerk indicated there was a license plate affixed to the vehicle's back with a cover over it, but the characters on the license plate were illegible due to the tint on the cover. The employee was able to photograph the perpetrator's vehicle but was unable to obtain the license plate information.

14. Due to the ongoing investigation and the similarities between the robberies, investigators contacted the SBSO and provided detectives with the information about the perpetrator's vehicle from the North Broad Street robbery. Investigators with St. Bernard immediately recognized the black Monte Carlo from the exterior surveillance footage they had obtained in relation to the robbery at the Cricket Wireless on March 7.

15. Because of the similarities between the robberies, the physical description of the perpetrator, and the description of the vehicle, investigators believed the perpetrator of the March 7th armed robbery was the same perpetrator of the March 10th armed robbery. Investigators elected to disseminate this information to police officers and detectives within the NOPD and the SBSO in attempt to locate the vehicle and the perpetrator of these incidents.

16. On March 13, 2021, NOPD Seventh District Officers located a black Chevrolet Monte Carlo with a silver hood in the Carmel Brook Apartments parked at 12345 N. I-10 Service Road, New Orleans, Louisiana. Officers were able to observe the Louisiana temporary license plate (19300373) and vehicle identification number (VIN) (2G1WX15K119107564).

Investigators were familiar with this apartment complex and were aware that their surveillance cameras were linked to the Homeland Security Real Time Crime Center. Investigators located video from the Crime Center and observed footage from the location. Investigators observed an unknown black male walking back and forth to the vehicle[3]. Investigators ran the VIN of the Chevrolet Monte Carlo and learned that the vehicle was registered in the state of Mississippi to Markise Legendre (B/M, 02/13/1985)[4]. An inquiry of Markise Legendre through the NOPD electronic report writing system provided investigators with the name Marvin Legendre (**LEGENDRE**), brother of Markise Legendre.

17. Investigators were also able to determine **LEGENDRE** utilized a residential address of 12345 N. I-10 Service Road, Apartment 116, New Orleans, LA[5]. This is the same address and location NOPD first observed the vehicle on March 13, 2021. Armed with this information, investigators elected to conduct surveillance on the vehicle on March 14, 2021. Investigators were able to observe **LEGENDRE** enter the Monte Carlo alone and drive away from the location. **LEGENDRE** was then observed returning to the apartment as the driver of the vehicle. **LEGENDRE** exited the vehicle and walked towards apartment 116. Investigators did not see anyone else aside from **LEGENDRE** utilize or drive the Monte Carlo during the length of their surveillance.

18. Based on their observations of **LEGENDRE,** the surveillance of the robberies, and the totality of the evidence in each of the robberies, investigators elected to obtain a search warrant for 12345 N. I-10 Service Road, Apt. 116, New Orleans, Louisiana. On March 15, 2021, the search

---

[3] This individual matched the physical description of the perpetrator in each armed robbery. It was later determined that this individual was LEGENDRE.
[4] Investigators met briefly with Markise Legendre and discovered he did not match the physical description of the perpetrator. Markise Legendre is approximately 6 feet tall with a long dreadlock hairstyle.
[5] LEGENDRE's girlfriend provided this address to NOPD on at least two occasions in two separate investigations of domestic violence and simple criminal damage in August 2020. This address is documented as LEGENDRE's home address under NOPD Item #H-18491-20 and NOPD Item #H-10445-20.

warrant for the residence was endorsed by Orleans Parish Magistrate Judge Juana Lombard. The NOPD and the FBI's NOVCTF executed the search warrant for the apartment that same day.

19. **LEGENDRE** was present inside of the apartment and was found to be the sole occupant of the apartment. **LEGENDRE** was placed under arrest due to several outstanding arrest warrants from Orleans Parish. At the time of his arrest, investigators observed **LEGENDRE** dressed in blue jeans, black/white tennis shoes, and a white string/ribbon tied around his waist. The black/white shoe and string both match the items worn by the perpetrator in the surveillance of several of the robberies from November 2020 through March 2021. Investigators then transported **LEGENDRE** to Orleans Justice Complex ("OJC") to be booked on the outstanding arrest warrants.

20. During the search, investigators located the following items: one gray sweatshirt with the words "American Eagle" across the front, one digital scale, one Nike shoe, one pair of khaki pants, one pair of jeans, black medical shoe/boot, one "Ford" baseball hat, one dark gray sweatshirt, one Apple iPhone (IMEI 354894091522282, pink in color, with one protective case and charger)[6], one dash camera with cord, and one blue and tan "Expedition Est. 1979" baseball hat. These items of clothing matched the clothing the perpetrator was wearing at the time of the robberies in March 2021. Further, investigators also observed additional, distinctive items of clothing which matched clothing observed in the robberies from November 2020-February 2021[7]. Investigators also located a Glock, Model #22 .40 caliber handgun, Serial Number MFW645, with an extended magazine. This handgun matched the description of the handgun seen in the

---

[6] This was the only phone located in the residence. LEGENDRE was found to be the sole occupant of the apartment.

[7] Investigators observed a very distinctive hoodie in a red, blue, and yellow southwestern print in LEGENDRE's closet. This sweatshirt matched to the same hoodie worn by the perpetrator in the robbery of the Cricket Wireless on 11/30/2020. Additionally, investigators also observed a grey hoodie with black trim, which matched to a grey hoodie with black trim worn by the perpetrator in the robbery of the Boost Mobile on 2/24/2021.

surveillance videos of each of the robberies. Finally, investigators also located the black Monte Carlo with the silver hood, which was parked at the location.

21. A review of OJC recorded jail calls made by **LEGENDRE** revealed that **LEGENDRE** placed numerous calls to his ex-girlfriend at phone number 504-258-7331 from an inmate folder under the name "Derrick Bracken." On March 20, 2021, at 11:03 AM, **LEGENDRE** placed a call to this number and left a voicemail with his ex-girlfriend, requesting that she get his keys and car keys from the police, as well as his phone, and clothes from the apartment.

22. A search of **LEGENDRE**'s criminal history revealed that he has been convicted of felony charges in two separate occasions. On October 4, 2002, **LEGENDRE** was charged in Orleans Parish Criminal District Court under Case Number 433-649, B, with one violation of LA R.S 14:64, armed robbery. On January 5, 2004, **LEGENDRE** was convicted of one count of attempted armed robbery and sentenced to 13 years in the Louisiana Department of Corrections (DOC). Additionally, on June 29, 2001, **LEGENDRE** was charged in Orleans Parish Criminal District Court with one count of possession of heroin in violation of LA R.S. 40:966(C)(1) under Case Number 422-619, B. On November 30, 2004, **LEGENDRE** pled guilty in this matter and received a sentence of 5 years in the Louisiana DOC.

23. I am aware that weapons from Glock are not manufactured in the state of Louisiana. Accordingly, the weapon necessarily moved in and affected interstate commerce before being seized from the residence. This weapon also fits the relevant federal definition of a firearm.

24. I am also aware that stores such as Cricket Wireless and Boost Mobile are both businesses engaged in the sale of cell phones and cell phone accessories in interstate commerce and are all national chains involved in an industry which affects interstate commerce as defined in Title 18 U.S.C. §1951(b)(3).

25. Based on the foregoing, on March 18, 2021, the Honorable Michael B. North, United States Magistrate Judge for the Eastern District of Louisiana, authorized a complaint and arrest warrant for **LEGENDRE** for violations of Title 18, United States Code, § 1951(a), Hobbs Act Robbery (interference with commerce by robbery), Title 18, United States Code, § 924(c)(1)(A)(ii) (possession of a firearm in the commission of a crime of violence), and Title 18, United States Code, § 922(g) (possession of a firearm by a convicted felon).

26. On April 16, 2021, a Federal Grand Jury returned a True Bill against **LEGENDRE**. In connection with the robberies on March 7 and the March 10, 2021, **LEGENDRE** is charged with violations of Title 18, United States Code § 1951(a), Hobbs Act Robbery (interference with commerce by robbery) and Title 18 United States Code § 924(c)(1)(A)(ii) (possession of a firearm in the commission of a crime of violence), respectively[8]. In connection with his arrest on March 15, 2021, **LEGENDRE** is charged with possession of a firearm by a convicted felon, in violation of Title 18 U.S.C. § 922(g)(1), 18 U.S.C. § 924(a)(2).

27. On June 7, 2021, the Honorable Dana M. Douglas, United States Magistrate Judge for the Eastern District of Louisiana, authorized a search warrant for the contents of the iPhone (IMEI 354894091522282, pink in color) located inside of **LEGENDRE**'s apartment at the time of his arrest.

28. Following the obtaining of the search warrant on June 7, 2021, investigators attempted to extract information from the phone, however, the phone possessed a lock code. To override the lock code, investigators utilize a software named Gray Key. Investigators are still in the process of attempting to extract information from the phone utilizing the Gray Key software. Although investigators are unable conduct a full extraction of the phone as of the date of the

---

[8] The robberies from November 2020-February 2021 are still being investigated.

signing of this affidavit, they were able to confirm that the phone number currently assigned to the Apple iPhone (IMEI 354894091522282, pink in color) is (504) 408-5946.

29. On September 13, 2021, investigators conducted a search of the Louisiana Works database for the employment and unemployment records for **LEGENDRE**. The affiant elected to confirm the phone numbers in the records matched to the Apple iPhone (IMEI 354894091522282, pink in color) seized from **LEGENDRE** during the search of his apartment, and currently in the custody of the FBI. As a result of the open-source inquiry, investigators located an application for unemployment benefits for **LEGENDRE**. Upon reviewing this application, the affiant located two contact phone numbers provided by **LEGENDRE** at the time the application was completed. One of those phone numbers was (504) 408-5946.

30. In my training and experience, I have learned that **T-MOBILE** is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

31. Based on my training and experience, I know that **T-MOBILE** can collect cell-site data about the Apple iPhone with phone number (504) 408-5946. I also know that wireless providers such as **T-MOBILE** typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes.

32. Based on my training and experience, I know that wireless providers such as **T-MOBILE** typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as **T-MOBILE** typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify **LEGENDRE**'s user or users and may assist in gathering valuable information regarding the commission of the robberies and the preparation of the robberies for which **LEGENDRE** has been charged, and the additional robberies still under investigation.

## AUTHORIZATION REQUEST

Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41. I further request that the Court direct **T-MOBILE** to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on **T-MOBILE**, who will then compile the requested records at a time convenient

to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

Respectfully submitted,

*/s/ Chad Cockerham*
Chad Cockerham
NOPD Task Force Officer
Federal Bureau of Investigation

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Subscribed to and sworn before me,
this  22nd  day of September, 2021.
New Orleans, Louisiana.

_____
HONORABLE DANA M. DOUGLAS
UNITED STATES MAGISTRATE JUDGE

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct. I am employed by **T-MOBILE**, and my title is _____. I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved. I state that the records attached hereto are true duplicates of the original records in the custody of **T-MOBILE**. The attached records consist of _____ **(pages/CDs/megabytes)]**. I further state that:

a. all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of **T-MOBILE**, and they were made by **T-MOBILE** as a regular practice; and

b. such records were generated by **T-MOBILE** electronic process or system that produces an accurate result, to wit:

   1. the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of **T-MOBILE** in a manner to ensure that they are true duplicates of the original records; and

   2. the process or system is regularly verified by **T-MOBILE**, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____    _____
Date                                Signature